UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM PITT,

                       Plaintiff,

       -against-

COUNTY OF ROCKLAND; C.O. SALVATORE LIBRIZZI,

                       Defendants.

**ORDER OF SERVICE**

7:25-CV-3781 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff Malcolm Pitt, who is currently incarcerated in the Collins Correctional Facility, brings this action *pro se*, asserting claims of federal constitutional violations and seeking damages. Plaintiff sues: (1) the County of Rockland; and (2) Rockland County Correctional Officer Salvatore Librizzi. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

    By order dated May 15, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court directs service on the defendants and directs their compliance with Local Civil Rule 33.2.

## DISCUSSION

A.    Service on Defendants

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2]

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue a summons for each of the defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of the defendants.

If a summons and the complaint are not served on each of the defendants within 90 days after the date that the summonses for the defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

B.      Local Civil Rule 33.2

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "[Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents](#)." Within 120 days of the date of service of a summons and the complaint, the defendants must serve responses

---

therefore extends the time to serve the defendants until 90 days after the date that any summonses for the defendants issue.

to those standard discovery requests. In their responses, defendants must quote each request verbatim.[3]

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue summonses for the defendants; (2) complete USM-285 forms for the defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each defendant to the USMS.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of the date of service of a summons and the complaint.

SO ORDERED.

Dated:   White Plains, New York
         May 20, 2025

_____
PHILIP M. HALPERN
United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

**SERVICE ADDRESSES FOR DEFENDANTS**

1. County of Rockland
   Law Department
   11 New Hempstead Road
   New City, New York 10956

2. Correctional Officer Salvatore Librizzi
   Rockland County Sheriff's Office
   55 New Hempstead Road
   New City, New York 10956